## Commonwealth v. Beutman

*George B. Kaufman, Assistant District Attorney,* for Commonwealth.
*Richard J. Russell,* for defendant.

SHAULIS, *J.,* July 8, 1982—This case is before the court on defendant's appeal from a summary conviction for numerous parking violations. Defendant argues that the Windber Borough police followed improper procedures in issuing the citations for the violation. The Commonwealth asserts, however, that the department followed the normal administrative procedures in acting on the series of unpaid tickets in accordance with the general laws of Pennsylvania.

From mid 1981 through March 1982, the Windber police force issued numerous parking tickets to the same automobile parked at the same location in the borough. On none of the occasions did the police officer writing the violation determine the operator of the vehicle. None of the tickets were paid and

ultimately, after citations were issued, an arrest warrant was sought for defendant.

After each violation, the officer submitted his copy of the ticket to the Chief of Police who duly sorted and posted the violation. After seven days, if the ticket was not paid, the Chief listed the automobile registration number on an appropriate form and forwarded it to the Department of Motor Vehicles in Harrisburg, asking that the department determine the owner. When the list of the owners was returned, the Chief would inform the officer who wrote the ticket that it was not paid and who the owner was. The officer would then issue the citation. Generally, it took between two and four weeks to receive the results from Harrisburg.

There is no question that none of the citations were issued within 15 days following the offense and there is no question that all of the citations were issued within 15 days after the Chief received the respective information from Harrisburg.

## DISCUSSION

The question to be decided in this case is whether the procedures followed by the borough police were in accordance with those required by the Pennsylvania statutes. Section 5553 of 42 Pa.C.S.A. provides, with respect to this issue, as follows:

§5553. Summary Offenses Involving Vehicles.

(a) General rule.—Except as provided in subsection (b) or (c), proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter.

(b) Minor offenses.—Except as provided in sub-

section (c), proceedings for summary offenses under the following provisions of Title 75 must be commenced within 15 days after the commission of the alleged offense or within 15 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter:

Chapter 31 (relating to general provisions).

Chapter 33 (relating to rules of the road in general).

Chapter 35 (relating to special vehicles and pedestrians).

Subchapters A (relating to offenses in general) and C (relating to accidents and accident reports) of Chapter 37.

(c) Exception—Where proceedings are timely commenced against a person reasonably believed to have committed the offense charged and it subsequently appears that a person other than the person charged is the offender, proceedings may be commenced against the other person within 30 or 15 days, whichever is applicable, after the identity of the person is discovered and not thereafter.[1]

Defendant here argues that after the first few citations were issued, the police officers, specifically Officer Koharchik, knew or should have known who the owner was of the vehicle that was repeatedly being ticketed. Thus, the 15 day time period should have run from the day of the offense. Since none of the citations were issued within that period, defendant should not have been convicted. We do not find this argument persuasive, and, consequently, deny the appeal.

---

1. The citations issued to defendant were all based on a violation of § 3353 of Title 75, thus making (b) the applicable subparagraph.

The standard procedure used by the police department in this case was very thorough and insured accuracy in issuing the citations. Verification of the owner of an automobile is an important step in this process, particularly when the operator is not known. To expect a police officer to remember who owned each vehicle which he ticketed is an unreasonable burden, even in a case such as this, where the same automobile was ticketed consistently. It was asserted at the argument, that during a normal week, a Windber police officer would write between 50 and 60 tickets. The tickets issued to defendant's automobile were, as previously indicated, spread over a nine month period with only a few issued in the same week. To require the police officers in this case to remember whose automobile they were ticketing at this particular location so as to begin the running of the time period is not logical. Enforcing parking regulations in only one small duty of an officer's overall police responsibilities. He has many more important things to think about than who owns a certain automobile parked illegally. That defendant did not receive the tickets properly placed on her windshield or any of the citations issued is not the fault of the police, and is not their concern.[2] A fair reading of the statute requires that proceedings in summary cases be started within 15 days of the discovery of the identity of the offender. Since the operator was not determined, the owner must be discovered. The police, to insure that they knew the rightful owner, inquired of the Department of Motor Vehicles each

2. Defendant asserts that her son was the operator of the vehicle all the times the tickets were issued; that he found the tickets on the windshield of the car, but discarded them; and, that he also received the citations but did not show them to her.

time. This seems to us to be an extremely efficient method of insuring accuracy in the handling of unpaid parking tickets and well within the limits of the statute.

## ORDER

Now, July 8, 1982, defendant's appeal from summary conviction is dismissed, she is found guilty as charged; and, shall pay costs of prosecution and a total fine of $100.